UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Robert W. Johnson; Robert James Swint also known as Robert W. Johnson, | |
| Plaintiff, | |
| v. | Civil Action No. 2:23–cv–471-kjd |
| Donald J. Trump et al., | |
| v. | Civil Action No. 2:23–cv–472-kjd |
| Georgia-Pacific Corporation; Fort James Corporation, | |
| v. | Civil Action No. 2:23–cv–473-kjd |
| Jason Robert Stone, | |
| Defendants. | |

## ORDER AND REPORT AND RECOMMENDATION

On October 6, 2023, Plaintiff Robert W. Johnson, a New York state resident representing himself, filed three Applications for Leave to Proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. He seeks to file three actions without prepaying the required filing fee. Because Mr. Johnson submitted affidavits that make the required showing under 28 U.S.C. § 1915(a), his requests to proceed IFP are GRANTED. As explained below, however, I respectfully recommend the proposed Complaints be DISMISSED for failure to state plausible claims.

Given his history of filing frivolous Complaints in this Court, and this Court's previous advisement that future frivolous filings may warrant an injunction against further filings, I further recommend that Plaintiff be required to show cause why he should not be barred from filing future civil actions IFP without first receiving Court permission to do so.

I.  **Background**

Plaintiff Robert W. Johnson is a serial filer in the federal courts. He has been barred from filing new actions without prior permission in at least the Southern District of New York, District of Connecticut, Southern District of Ohio, and Eastern District of Ohio. *See Johnson v. Russo*, No. 5:22-CV-439, 2022 WL 1490375, at *2 (N.D.N.Y. May 11, 2022) (collecting cases). The Second Circuit has warned Plaintiff that the continued filing of frivolous appeals could result in a filing injunction. *See Johnson v. Wolfe*, 2020 WL 2544909, at *1 (2d Cir. May 7, 2020). On March 18, 2022, the District of Connecticut entered the following order: "If Mr. Johnson files *any* action in any District Court within the Second Circuit in the future, he must attach a copy of this Order to his Complaint." *See Johnson v. Vera House, Inc.*, 2022 WL 829337, at *5 (D. Conn. Mar. 18, 2022).

Plaintiff Robert James Swint is also a serial filer. The Southern District of New York noted that between December 2020 and June 2021, he filed more than forty *pro se* civil actions and appeals in federal courts around the country. *See Swint v. Mueller*, No. 21-CV-2960 (LTS), 2021 WL 2441128, at *2 (S.D.N.Y. June 14, 2021). The Northern District of Ohio has described him as "a well known frequent frivolous filer in this and other federal juridical districts." *Swint v. Fultano's Pizza*, CASE NO. 5:23 CV 1556, 2023 WL 5893370, at *1 (N.D. Ohio Sept. 11, 2023). Recently, the Southern District of New York barred Plaintiff Robert James Swint from filing any future case without leave of the Court. *See Swint v. Verizon Wireless*, No. 1:23-CV-4067, slip op. at 1 (S.D.N.Y. Oct. 3, 2023).

II. **Prior Litigation in this Court**

Between February and April 2022, Plaintiff Robert W. Johnson filed seventeen IFP applications in this Court. Although his applications were granted, each of the actions was

dismissed under 28 U.S.C. § 1915(e)(2)(B). The Court has observed that none of Mr. Johnson's cases appeared to have any connection to Vermont. Further, the proposed Complaints generally failed to state a plausible claim and many were barred by sovereign immunity. He was warned that future frivolous filings bearing no connection to this District may result in a filing injunction. Mr. Johnson was also reminded of his obligation to include a copy of the District of Connecticut's March 18, 2022 Order with any future case filing. *See, e.g.*, *Johnson v. Munro Muffler Brake & Serv.*, No. 2:22-cv-30, slip op. at 13–15 (D. Vt. Apr. 7, 2022).

### III.    Discussion

#### A.    Standard of Review

Under the IFP statute, the court conducts an initial screening of the complaint. *See* 28 U.S.C. § 1915(e)(2). The court is required to read a self-represented plaintiff's complaint liberally and to construe it to raise the strongest arguments it suggests. *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam). The court must dismiss a complaint filed IFP if it determines that the action is "frivolous or malicious," fails to state a claim on which relief can be granted, or seeks monetary relief "against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). A court's initial review of a complaint under § 1915(e)(2)(B) must also encompass the applicable pleading standards set forth in the Federal Rules of Civil Procedure.

To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* A plausible claim requires factual allegations that permit the court "to infer more than the mere possibility of misconduct." *Id.* at 679. Although a self-represented litigant's complaint must be

liberally construed, it must state a plausible claim for relief. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (explaining the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it" (internal quotation marks omitted)).

A court also has inherent authority to dismiss a case that presents no meritorious issue. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (holding that a district court may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee); *Pillay v. Immigration & Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir. 1995) (holding that the court has "inherent authority" to dismiss a petition that presents "no arguably meritorious issue"). The Supreme Court has explained that a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

B.   **Description of Individual Cases**

1.   *Johnson v. Trump et al.* **(Case No. 2:23-cv-471)**[1]

Plaintiff's IFP application and civil case cover sheet name Donald J. Trump et al. as defendants and his two-page handwritten Complaint names Facebook, Meta, Rudy Guiliani, John Eastman, Mark Meadows, Kenneth Chesebro, Jeffrey Clark, Jenna Ellis, Ray Smith III, Robert Cheeley, Cathleen Latham, Scott Hall, Stephen Lee, Harrison Floyd, Trevian Kutti, Sidney Powell, Misty Hampton, Michael Roman, David Shafer, Shawn Still, Vl[a]dimir Putin, and Twitter as defendants. The entirety of his statement of facts is as follows: "All defendants committed identify theft, fraud, U.S. Constitutional violations, RICO Acts and Due Process

---

[1] Citations to documents within each case section refer to documents filed in that case.

violations against Robert W. Johnson."[2]  (Doc. 1-2 at 2.)  Plaintiff seeks $100,000,000 in punitive damages and "100% ownership of Defendants['] assets . . . ."  *Id.*

      2.      ***Swint v. Georgia-Pacific Corporation et al.*** **(Case No. 2:23-cv-472)**

Although Plaintiff's IFP application, financial affidavit, and certificate of service are all signed by Robert W. Johnson, the proposed Complaint lists Robert James Swint as Plaintiff and is signed "Robert Swint."  The three-page handwritten Complaint states in its entirety:

> In 2000–2001, the United States let Georgia-Pacific or the #15, and Fort James which during Judgments or Sentencings was #18, but otherwise during all the Court proceedings and basically everyday life was #16, let the record reflect there switching back and forth as in Case #2824 from 2001.  And there "APPA" as if mimicking APA, just like there SA for former [illegible] the SSA.  And there AFH sorta like there AFOH line for [illegible], claiming to be someone there not and mimicking other companies and businesses plus leaving a mountain of evidence as in 5-19-2000, Fort James mops up mess, 7-18-2000 Georgia Pacific acquires Fort James.  This is def[i]nently the FBI and there dirty work.  Cause at the same time the CIA and International Paper, under the names Bush Boak Allen and International Flavors and Fragrances, were at a bidding war with Champion International.  So one side was one then the other.  Plus Ra Boar Swine.  The legend.  And wrapping up this mess and no were not going back so J&J Jes & Jeh can get married.  That's not going to happen.  The Koch brothers are out of commission.  Sorry there deal for 10.2 billion, the same amount SMF lent Russia in 96 for James Web Telescope cost 10 something billion.  All 18 mirrors and what a waste.
>
> Suing for mental stress, wasting my time risk and more.  I'm asking for them to pay me.  That's Georgia Pacific and Fort James $1,000,000 plus ID James River Corporation as #16.

(Doc. 1-3 at 1–3.)

---

[2] The Districts of Maine, New Mexico, and Nebraska recently dismissed identical Complaints.  *See Johnson v. Trump*, Docket No. 1:23-cv-331-NT, 2023 WL 6845137, at *1 (D. Me. Oct. 17, 2023) (adopting Magistrate Judge's Recommended Decision that Plaintiff's conclusory allegations were insufficient to support an actionable claim); *Johnson v. Trump*, No. 1:23-cv-00723-KWR-LF, 2023 WL 6279059, at *1 (D.N.M. Sept. 26, 2023) (dismissing case because Complaint failed to state a claim upon which relief could be granted); *Johnson v. Trump*, No. 8:23CV386, 2023 WL 5748782, at *2 (D. Neb. Sept. 6, 2023) (holding Complaint failed to state a claim upon which relief could be granted).

3.   ***Swint v. Stone*** **(Case No. 2:23-cv-473)**

In this case, Robert W. Johnson is listed as Plaintiff in the IFP Application, financial affidavit, and certificate of service, but Robert James Swint is listed as Plaintiff in the unsigned three-page handwritten Complaint. The "1983 Civil Rights Complaint" states:

> Look in 1982 Robert James Chism, one of my dad[']s best friends had passed, forever remembering him and proclaiming if he ever some day had a son that's what he would name him. Bobby Chism had just been issued a storm warning on the Columbia river. Too dangerous for any boat to be out there. According to Bobby they were there to pick them up as promised so there was lit[]er[a]lly everyone under the sun trying to stop saying Bobby Bobby the storm warning is too great, even large ships aren[']t going out right now. This didn't phase Bob, he ended up going out anyway on his skiff, probably not much bigger than a duck skiff, cept his was all wood. Not a good idea. His boat was found days later in pieces. They never seen or he[a]rd from Bob again. The spirit of 1982, and the old Teri Bob sign in the Chism's front yard was a piece of the washed up boat th[at] came back. Some say it was 50/50. Others say he made it to his destination and he may even be planning and others say oh no he must have drowned, his sail probably got caught and tangled with the fense. This whole process has been scary for me to understand, what it is there doing when they don't have rights to my brain or the system. Where's good ol' beezlebuhb, he act[illegible] why I did walk like a man talk like Japan, big girls don't cry, big girls they don't cry, they don't, it's the same old song, stop in the name of love before you break her start[.]

(Doc. 1-2 at 1–3 (unnecessary capitalization omitted).)

**C.   Analysis**

The Court should dismiss each proposed Complaint for failure to state a plausible claim for relief. The facts alleged in the three proposed Complaints simply do not suggest a discernible legal claim. Additionally, the Complaint in Case 2:23-cv-473 is unsigned.[3] *See* Fed. R. Civ. P. 11(a) (requiring that an unrepresented party sign a pleading personally and that the court strike

---

[3] The Court notes that if Robert W. Johnson and Robert James Swint are not the same person, Mr. Johnson may not file an action on behalf of Robert James Swint. *See* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel . . . ."); *see also U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks omitted)). Under this Court's Local Rules, an individual appearing *pro se* must appear personally, may not "authorize another person to appear on his or her behalf," and must sign all filings. D. Vt. L.R. 11(a).

an unsigned paper). Plaintiff also has not included a copy of the District of Connecticut's March 18, 2022 Order as this Court previously ordered. Therefore, I recommend the actions be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) and Plaintiff be DENIED leave to amend in light of his abusive litigation history. *See Johnson v. Progressive.com*, No. 19-CV-11202 (CM), 2020 WL 589127, at *1 (S.D.N.Y. Feb. 5, 2020) (denying leave to amend "in light of Plaintiff's abusive litigation history").

## IV.    Order to Show Cause

Plaintiff has been warned that future frivolous filings with no connection to this District may result in a filing injunction. *See, e.g.*, *Johnson*, No. 2:22-cv-30, slip op. at 15. The Court issued the warning to Plaintiff in light of his history of nonmeritorious *pro se* litigation. By filing these three additional cases bearing no connection to this District, Plaintiff has disregarded the Court's previous warning. District courts have the "power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (alteration in original) (internal quotation marks omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." (internal quotation marks omitted)). Accordingly, a court may prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious[,] or repetitive [filings.]" *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981).

The Court, however, "may not impose a filing injunction on a litigant *sua sponte* without providing [that] litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). Consequently, Plaintiff should be given an opportunity to explain why such a filing injunction is not appropriate. Thus, I recommend Plaintiff be ordered to show cause why he should not be barred from filing any future civil actions in this Court IFP without first obtaining permission from the Court to do so. In other words, Plaintiff should submit a memorandum explaining why an order restricting further filings in this Court should not be entered.

## Conclusion

Plaintiff's requests to proceed *in forma pauperis* are GRANTED, however, for the reasons discussed above, I recommend that Plaintiff's proposed Complaints be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) without leave to amend. In addition, I recommend that Plaintiff be required to show cause why he should not be barred from filing future civil actions IFP without first receiving Court permission to do so.

The Clerk of Court is requested to assign this case to a United States District Judge for consideration of this Report and Recommendation.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 17th day of November 2023.

>              */s/ Kevin J. Doyle*
>              Kevin J. Doyle
>              United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).